IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:20-cv-109-ALM-KPJ |
| 360 HEALTH SERVICES, LLC, *et. al.*, | § § § | |
| Defendants. | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Craig Cunningham's ("Plaintiff") "Status Report and Motion for Transfer Venue" (the "Motion") (Dkt. 33). Upon consideration, the Court recommends the Motion (Dkt. 33) be **DENIED**.

## I.   BACKGROUND

On February 13, 2020, Plaintiff, proceeding *pro se*, filed this lawsuit against Defendants 360 Health Services, LLC, Nicholas Pape, Nicholas Jenkins, Dr. Howard Newman, Leverage Management Solutions, LLC, G5 Medical Supply, LLC, Christian Garguilo, and John/Jane Does 1–4.[1] *See* Dkt. 1. The only appearing Defendants in this matter, G5 Medical Supply, LLC and Christian Garguilo, have been terminated following dismissal of Plaintiff's claims against each. *See* Dkt. 28. Plaintiff has taken no action with respect to any of the remaining Defendants—360 Health Services, LLC, Nicholas Pape, Nicholas Jenkins, Dr. Howard Newman, Leverage Management Solutions, LLC, and John/Jane Does 1–4 ("Defendants")—since April 6, 2020. *See*

---

[1] In the Complaint's case style, Plaintiff styles this lawsuit as an action against John/Jane Does 1–5, *see* Dkt. 1 at 1, but then refers only to John/Jane Does 1–4 in his Complaint, *see id.* at 2. Therefore, the Court refers to these Defendants as John/Jane Does 1–4.

1

Dkt. 22. On April 5, 2021, the Court ordered Plaintiff to provide a status report indicating how he wished to proceed with this suit. *See* Dkt. 29. Plaintiff filed a status report on April 30, 2021, wherein he indicated he "intends to prosecute his case against the remaining defendants" and wants the case transferred to the Southern District of Florida. *See* Dkt. 31. On April 12, 2022, the Court ordered Plaintiff file a status report indicating how he wished to proceed, as Plaintiff had not taken any action since he filed the April 30, 2021 status report. *See* Dkt. 32. On April 22, 2022, Plaintiff filed a motion entitled "Plaintiff's Status Report and Motion for Transfer Venue to the Southern District of Florida," wherein Plaintiff requests "the court transfer this matter to the Southern District of Florida so the Plaintiff can prosecute his case as this would resolve any jurisdictional/venue issues" and asserts that he "has served multiple defendants in this case and seeks to resolve the case in Florida." Dkt. 33.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1404(a), the district court may transfer a civil action to another district or division if: (1) the plaintiff could have brought that action there originally, and (2) the transfer would be for "the convenience of parties and witnesses, and in the interest of justice . . . ." 28 U.S.C. § 1404(a). "The party seeking transfer must prove both elements." *Vodicka v. Ermatinger*, No. 3:19-cv-56, 2021 WL 2917035, at *1 (N.D. Tex. July 12, 2021); *see also In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 312 (5th Cir. 2008) (en banc) ("The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue"). Then the movant must show "good cause" to transfer the case, which, in this context, means the movant must show the requested transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Volkswagen II*, 545 F.3d at 315.

In assessing the second prong, courts engage in a multi-factor inquiry. *See id.* The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quoting *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the [governing law]; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* The balance of these factors must clearly weigh in favor of transferring to the new venue. *Id.*

### III.   ANALYSIS

Plaintiff does not provide any reasoning or evidence in support as to good cause to transfer his case to the Southern District of Florida. *See* Dkt. 33. Plaintiff merely requests the Court "transfer this matter to the Southern District of Florida so the Plaintiff can prosecute his case as this would resolve any jurisdictional/venue issues" as he "has served multiple defendants in this case and seeks to resolve the case in Florida." *See id.* at 1. Plaintiff's lack of reasoning and evidence is insufficient to "meet the significant burden to show good cause for transfer as required under *Volkswagen*." *Cantrell v. City of Murphy*, No. 6:09-cv-225, 2010 WL 786591, at *5 (E.D. Tex. Mar. 1, 2010). Accordingly, Plaintiff's request should be denied.

### IV.   RECOMMENDATION

For the foregoing reasons, the Court recommends Plaintiff's Motion (Dkt. 33) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 4th day of November, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE