IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-109-ALM-KPJ |
| | § | |
| 360 HEALTH SERVICES, LLC, *et. al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636. *See* Dkt. 2. The only appearing Defendants in this matter, G5 Medical Supply, LLC and Christian Garguilo, have been terminated following dismissal of Plaintiff's claims against each. *See* Dkt. 28. As set forth below, the Court finds Plaintiff Craig Cunningham's ("Plaintiff") claims against the remaining Defendants 360 Health Services, LLC, Nicholas Pape, Nicholas Jenkins, Dr. Howard Newman, Leverage Management Solutions, LLC, and John/Jane Does 1-4[1] (together, "Defendants") should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

On April 5, 2021, the Court ordered Plaintiff to provide a status report indicating how he wishes to proceed with this suit. *See* Dkt. 29. Plaintiff filed a status report on April 30, 2021, wherein he indicated that he "intends to prosecute his case against the remaining defendants" and wants the case transferred to the Southern District of Florida. *See* Dkt. 31. On April 12, 2022, the Court again ordered Plaintiff file a status report indicating how he wishes to proceed, as Plaintiff

---

[1] In the Complaint's (Dkt. 1) case style, Plaintiff styles this lawsuit as an action against John/Jane Does 1–5, *see id.* at 1, but then refers only to John/Jane Does 1–4 in his Complaint, *see id.* at 2. Therefore, the Court refers to these Defendants as John/Jane Does 1–4.

1

had not taken any action since he filed the April 30, 2021 status report. *See* Dkt. 32. On April 22, 2022, Plaintiff filed a motion entitled "Plaintiff's Status Report and Motion for Transfer Venue to the Southern District of Florida" (the "Motion") (Dkt. 33), wherein Plaintiff requested the Court "transfer this matter to the Southern District of Florida so the Plaintiff can prosecute his case as this would resolve any jurisdictional/venue issues." *See id.* at 1.

On November 4, 2022, the Court entered its Report and Recommendation (the "Report") (Dkt. 38). In the Report (Dkt. 38), the Court recommended the Motion (Dkt. 33) be denied, finding that "Plaintiff's lack of reasoning and evidence was insufficient to 'meet the significant burden to show good cause for transfer as required under Volkswagen.'" Dkt. 38 at 3 (quoting *Cantrell v. City of Murphy*, No. 6:09-cv-225, 2010 WL 786591, at *5 (E.D. Tex. Mar. 1, 2010)). On December 6, 2022, the Memorandum Adopting the Report (the "Memorandum Adopting") (Dkt. 40) was entered and the Motion (Dkt. 33) was denied. *See* Dkt. 40. Since the entry of the Memorandum Adopting (Dkt. 40), Plaintiff has not taken any action nor has Plaintiff contacted the Clerk's office. On February 2, 2023, the Court ordered Plaintiff to file a status report regarding the status of this case on or before fourteen (14) days of receipt of the February 2, 2023 Order. *See* Dkt. 41. The Court further advised Plaintiff that if he fails to file a status report or otherwise act, the Court will recommend that the case be dismissed without prejudice. *See id.* To date, Plaintiff has not taken any action or contacted the Clerk's Office.

It is, therefore, recommended that Plaintiff's claims against the remaining Defendants be **DISMISSED WITHOUT PREJUDICE** for want of prosecution. *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 22nd day of February, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE